No. 16,862.

MARSH ET AL. *v.* WARREN ET AL.
(248 P. [2d] 825)

Decided September 22, 1952.

Mr. FRED S. CALDWELL, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties by name. Stripped of nonessentials this case involves the allegations set out in a complaint filed by Wilbur C. Marsh, David W. Eads and Florene M. Eads, in which the named defendants were Clara B. Helme, Frances E. Hastings, Mary Lucille Hastings, James B. Warren and Della M. Warren. Plaintiffs in their complaint present a claim for the reformation of deeds of conveyances of real estate, based upon an alleged mutual mistake in the description of property conveyed by a deed executed by Marsh to Helme in the year 1928. Judgment of reformation of this deed is demanded, together with the correction of all subsequent mistakes which grew out of it including

reformation of the deed of February 24, 1951, from Helme, Hastings and Hastings to the Warrens.

The Warrens filed an answer in which they denied the essential facts alleged in the complaint.

Prior to the date of trial, after request for admissions had been served on some of the defendants and appearances had formally been entered by defendants other than the Warrens, plaintiffs Marsh, Eads and Eads entered into a stipulation with the defendants Helme, Hastings and Hastings, the effect of which was to confess all facts alleged in the complaint of the plaintiffs; and thereupon Helme, Hastings and Hastings withdrew from further participation in the case in the trial court. Any rights which might be asserted by Warrens in the property involved in the alleged misdescription were based upon deeds executed by Helme, Hastings and Hastings who thus in effect confessed judgment. The positions of Helme, Hastings and Hastings and the Warrens were identical, in that if the reformation prayed for was to be granted, certain property actually included within the legal descriptions set forth in their respective deeds would be removed therefrom and the ground thus removed would be restored to Eads and Eads who claimed under Marsh as grantee in the deed conveying the lands in dispute, along with other property.

An order was entered following the pre-trial conference which was as follows:

"(1) That Plaintiffs' Pre-trial Exhibit No. 1, being an abstract of title covering the property described in the complaint, may be admitted in evidence at the trial without further identification; that entries numbered 61, 62, 63, 64, 67, 69, 70, 71, 72 and 73 of the abstract of title referred to may and will be received at the trial as evidence of the conveyances referred to in each of said numbered entries without further proof.

"(2) That Plaintiffs' Pre-trial Exhibit No. 2, being the plat referred to in entry No. 24 of the abstract of title, marked Plaintiffs' Pre-trial Exhibit No. 1, may be

introduced and received in evidence at the trial without further proof.

"(3) That Plaintiffs' Pre-trial Exhibit No. 3 may be received for the purpose of showing substantial location of buildings and improvements designated thereon.

"(4) That the deed marked Defendants' Pre-trial Exhibit No. 4 may be received on the trial of said cause without further identifications.

"(5) That the attorney for the plaintiff and the attorneys for the defendants Warren will exchange the names of witnesses at least 15 days prior to the date set for the trial of this cause.

"(6) That the issue for trial in this cause will be limited to the question of whether or not a mutual mistake was made in the execution and delivery of certain conveyances as set forth in Plaintiffs' Complaint."

The cause came on for trial to the court and the exhibits referred to in the pre-trial order were received in evidence.

Counsel for Marsh, and Eads and his wife, introduced in evidence the interrogatories which had been addressed to the Warrens, together with their joint answers thereto. Also received in evidence was the request for admissions addressed to the Warrens and their joint answers thereto. After the exhibits were received in evidence, as provided by the pre-trial order, counsel for plaintiffs Marsh and Eads made the following statement: "Now, the plaintiffs request the Court to take judicial notice of the stipulation and agreement on file herein between the plaintiffs and the co-defendants Clara B. Helme, Frances E. Hastings, and Mary Lucille Hastings to enter judgment of reformation in accordance therewith, and to accept such judgment as prima facie proof against the defendants James B. Warren and Della M. Warren." Counsel pointed out specifically that he sought the entry of judgment against the defendants who had signed the stipulation, and stated that the Warrens were not mentioned therein and that it was not

302

binding upon them. The court stated: "In the Pre-trial order we stated that the issues for trial in this cause would be limited to the question of whether or not a mutual mistake was made in the execution and delivery of certain conveyances as set forth in the plaintiffs' complaint. In this form of judgment presented by Mr. Caldwell it makes it very plain if we grant that judgment as between original parties, we reform those conveyances without, in my opinion, giving the defendants Warren an opportunity to be heard. I am still of the opinion as I was heretofore that we should decline to sign your judgment now. It is so ordered." Thereupon the following occurred:

"Mr. Caldwell: Then the order of the Court is to refuse to enter judgment.

"The Court: At this time.

"Mr. Caldwell: On the stipulation..

"The Court: That is right, yes, sir.

"Mr. Caldwell: Well, I object to that, and let the record show that the plaintiffs would then rely upon such judgment as prima facie evidence of the mutual mistake as against the Warrens, in view of the order made at the Pre-trial conference, wherein the Court held that the Warrens are not bona fide purchasers for value without notice, and the plaintiffs would then offer and rely upon that judgment as prima facie evidence, and would rest their case. Now, since the Court refuses to enter judgment on the stipulation or in accordance with the stipulation and agreement, the plaintiffs cannot proceed further, and they elect to stand upon their right to have judgment entered upon the stipulation and agreement, and the right to have that judgment introduced as evidence in the case."

No further evidence was offered by Marsh and Eads; no witness was called; and thereupon counsel for Warrens moved for a dismissal of the action. The court sustained the motion and the action was dismissed. The original plaintiffs in the trial court and those defendants

who were parties to the stipulation seek reversal of the judgment by writ of error.

█ With reference to the statements of counsel, above quoted, that at a pre-trial conference the trial court "held that the Warrens are not bona fide purchasers for value without notice," suffice it to say that the record before us discloses no such order. Under the pleadings in this case, issues of fact were joined upon that question, and, in the absence of an agreement between the parties affected, this issue, as made by the pleadings for determination upon the trial, could not be resolved against the Warrens by order made upon pretrial conference. *McCoy v. District Court of Larimer County,* 126 Colo. 32, 246 P. (2d) 619.

At another point in the controversy, after the trial court had refused to enter judgment on the stipulation, counsel for plaintiffs Marsh and Eads stated: "Now, of course, we have no judgment to offer in evidence, but we want the record to show that when such judgment is entered, then we would offer that judgment in evidence, or ask that the Court take judicial notice of it for the purpose of establishing the prima facie evidence of the mutual mistake, as against the Warrens."

The trial court made its position clear by the following statement: "Our trouble is that our only difficulty, Mr. Caldwell, is the effect to be given this stipulation. That is the difficulty. The stipulation seems to me to be so unjust, and shall we say, I wouldn't want to say illegal, but let's say unjust, in asking the Court to take as evidence this agreement between all the parties except the Warrens, and then use that as evidence in granting this judgment."

It is clear that the trial court considered the problem presented as the two phases thereof were related to each other. Entry of the requested judgment was temporarily withheld as a means of requiring the production of competent evidence against the Warrens in support of the allegations of the complaint.

The legal maneuvering of counsel for plaintiffs, under which it was proposed that a written stipulation—which was wholly without evidentiary value against Warrens —should be elevated to the status of a judgment against defendants other than Warrens, then offered as "prima facie" evidence against the Warrens, was calculated to shift the burden of going forward with evidence from the plaintiffs to the defendant Warrens. The trial court did not like the prospect of giving to the stipulation, which was a hearsay instrument so far as the Warrens were concerned, a status in the form of a judgment which might conceivably be used against them to their disadvantage. Actually two separate and distinct questions were involved in the plaintiffs' proposal.

█ The first question involves the right of plaintiffs to have judgment entered against those defendants who had stipulated for the entry thereof. We direct attention to the fact that the judgment requested was a consent judgment, and as such is distinguishable in some respects from those resulting from contested litigation carried to conclusion by judicial determination. In 49 C.J.S. 308, we find the following pertinent statement: "A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court."

█ It is clear from the record herein that the court did not finally and without qualification refuse to enter a judgment in accordance with the stipulation of the parties. The court unquestionably had some discretion in the matter of entering such a judgment, and where it is made to appear that the rights of the defendant, who is the real party in interest, may be changed, modified or prejudiced without his consent by the entry of such a judgment, a refusal to dispose of the case as to any defendant until the rights of all defendants are determined

is not error. We know of no authority which compels a trial court to dispose of a cause piecemeal.

■■ Assuming, for the purpose of argument, that the judgment had been entered as requested, the question is presented as to whether the entry thereof could in any manner serve to establish a prima facie case against the Warrens. We are familiar with academic rules and general principles of law declaring that decrees reforming deeds, like deeds themselves, are muniments of title and prima facie evidence of ownership. When considered in connection with the facts present in the cases where the rule has been applied, we have no quarrel with the rule or its application to those facts. We are aware of no case in which those general principles of law have been held to bring about the result sought by plaintiffs Marsh and Eads in the novel situation disclosed by this record. We share the view of the trial court upon this phase of the controversy and are certain that under the very special circumstances of this cause, the stipulation standing alone could not establish a prima facie case against the Warrens. Legal maneuvering, under which the stipulation becomes a judgment, should not permit the accomplishment by indirection of that which could not be done directly. If judgment had in fact been entered, it could not operate to place any burden upon the Warrens in the matter of creating a prima facie case against them.

■ Upon motion of the Warrens the trial court dismissed the action, not as to Warrens alone, but as to all defendants. This result could not obtain because of the agreement between plaintiffs and some of the defendants, and judgment should be entered ultimately as provided by the stipulation.

The trial court did not err in declining forthwith to enter the judgment requested, under the circumstances disclosed by this record. The cause is, however, remanded with direction to reinstate the complaint with leave to plaintiffs Marsh, Eads and Eads to offer evidence in support of the allegations thereof, and for further pro-

ceedings consistent with our views as hereinabove set forth.

Mr. Justice Holland dissents.

Mr. Justice Holland dissenting.

If the majority opinion could be construed in the light of some pertinent parts of the record, I believe the conclusion of the majority of the court would be, in effect, to reverse the judgment, remand the cause, and direct that the court reinstate the complaint and enter the judgment prayed for for whatever value it might have as further evidence, if introduced as such, against the Warrens.

The stipulation between the original plaintiffs and some of the defendants was one which the parties thereto had the absolute right to make and as between such parties, in the absence of fraud or deception, would be of binding effect. Their interests alone are affected and they have had the authoritative right to have such interests reduced to judgment form if requested, and such action was expressly provided for in the stipulation. It was the duty of the court to enter such judgment when it would be a disposition of the action between the parties involved and not illegal. Any interest of the remaining defendants would not be affected thereby, because their rights were not involved as between the parties to the stipulation. It was just as erroneous for the court to refuse to enter this judgment as it would have been to have refused the admission of the stipulation as between the parties thereto, or the admission of their testimony to the same effect.

The issue as to the Warrens, the remaining defendants, was yet to be determined. Because counsel for plaintiffs might have insisted that such a judgment, when entered, was prima facie evidence against the Warrens, the trial court was not bound by counsel's position. The court could accept it as such, or accept it for whatever it might

be worth in further presentation of the case against the Warrens. *The court in the majority opinion states that, "judgment should be entered ultimately as provided by the stipulation."* If that be true, then the dilemma was not eased, but a cloud was immediately thrown over the situation by the following statement of the court, "In this form of judgment prayed by Mr. Caldwell, it makes it very plain if we grant that judgment as between the original parties, we reform the conveyances without, in my opinion, giving the defendants Warren an opportunity to be heard." The Warrens were present and represented by competent counsel and they could have proceeded in their defense, if any, after a judgment was entered on the stipulation. They could have alleged and shown fraud and deception or collusion, and the issue then made would have been squarely before the court. This they did not do, and the court's majority opinion fails to disclose that they are not in this court defending a temporarily favorable judgment in their favor.

The record clearly discloses that the Warrens made an effort to establish their untenable proposition to the effect that the plaintiffs Eads and wife negligently and carelessly took possession of the Marshdale Lodge under their deed; that they thereby attempted to assert claim to lot 106 as against the Warrens; and that the Warrens bought lots 104, 105 and 106 in good faith as innocent purchasers for good value the three lots for the purpose of the erection and maintaining a cottage camp when they filed their objections to plaintiffs' motion for judgment against Helme, Hastings and Hastings on the stipulation. Immediately upon filing the objections, which contained the above allegations, plaintiffs filed a motion to strike those allegations from the objections, and alleged therein that such objections contained in paragraphs four and five were res judicata by virtue of the memorandum opinion filed by the court on the pre-trial conference, and concluded the motion by quoting from that memorandum opinion as follows: "Since the pre-

trial conference in the above entitled cause the court has given further consideration to matters of law in connection with the case and has concluded, as a matter of law upon the facts admitted at the pretrial conference and admissions made pursuant to the Rules of Civil Procedure and the pretrial conference that the defendants Warren are not innocent purchasers of lot 106 for value without notice, and, therefore, that there is no issue for trial in that respect."

This motion to strike, containing the quotation from the trial court's memorandum opinion, was squarely before the court, the court sustained the motion, and such objections were stricken. It is true that the record before us does not contain this memorandum opinion, which was entered after the pre-trial conference, but it cannot be denied that the Warrens did present such question to the court which was adversely received. In the majority opinion the court fails to note this significant happening in the preliminary courses of the trial, *and this was not a part of the pre-trial conference,* by which the majority opinion rightfully says that such issue could not be determined against the Warrens by an order made on pre-trial conference.

That the trial court was conscientious in its mistaken effort to protect the interests of the Warrens cannot be denied; however, the following statement of the court, which is set out in the majority opinion, clearly discloses the confusion in the court's mind: "Our trouble is that our only difficulty, Mr. Caldwell, is the effect to be given this stipulation. That is the difficulty. The stipulation seems to me to be so unjust, and, shall we say, I wouldn't want to say illegal, but let's say unjust, in asking the Court to take as evidence this agreement between all the parties except the Warrens and then use that as evidence in granting this judgment." Thus it definitely appears that the trial court insisted on denying the rights of the parties to the stipulation and in keeping the Warrens in the middle of the whole matter, where they did

not belong. The majority in the opinion says: "Entry of the requested judgment was temporarily withheld as a means of requiring the production of competent evidence against the Warrens in support of the allegations of the complaint." If this was not competent evidence, then I fail utterly to distinguish between the competency and incompetency of evidence. It also is stated in the majority opinion, "The trial court did not like the prospect of giving to the stipulation, which was a hearsay instrument as far as the Warrens were concerned, a status in the form of a judgment which might conceivably be used against them to their disadvantage." I wholly fail to understand the reasoning thus employed if the statement in the majority opinion, "and judgment should be entered ultimately as provided for by the stipulation," is to stand. We must not overlook the fact that the Warrens did not plead a defense on the ground of fraud or deception or collusion. If the stipulation or contract was to be denied its full force and effect as between the parties thereto on account of its being hearsay as to outside parties, then the rights of litigants are left in a perilous condition. I do not contend that the judgment here asked on the stipulation is a judicial determination of any litigated right, but it is the solemn ·disposition ·of the matters in litigation between the parties thereto, and when the court would allow it to go upon the record, it is nothing further than its consent to the acts of the parties involved.

Relying upon the record as made, which is before us, I cannot agree with the statement in the majority opinion, "It is clear from the record herein that the court did not finally and without qualification refuse to enter a judgment in accordance with the stipulation of the parties." My position is fortified by the following statement of the trial court: "The thing I am objecting to, and I want the record to show it, is that I am requested to take a certain document as evidence. By so doing I am taking evidence from some parties without those

parties subjecting themselves or appearing here for cross examination. On that basis I am going to sustain this motion to dismiss this case." If that is not a final and direct refusal to enter the judgment, I am at a loss to know how it could be done more effectively. A dismissal of plaintiffs' complaint was the most potent refusal that one could imagine.

There is no reason to consider the question of prima facie evidence as was done by the majority in its opinion. That question would arise only when the judgment, if it had been entered, was introduced and relied upon as being prima facie evidence. The next step would have been a question of evidence, but there is no question as to what kind of evidence the judgment would be until that point was reached, after its entry. What happened between Marsh, Eads and wife and Helme, Hastings and Hastings, was a matter of concern as between themselves, and it was the duty of the court to recognize their composition of the question as between them. When this was done, then the matter of what happened between Helme, Hastings and Hastings and the Warrens would be up for consideration. I am not saying that a judgment on the stipulation would be conclusive as against the Warrens, because they would be free to attack the stipulation and judgment on the ground of fraud and collusion.

In conclusion it is to be noted that there is no semblance of a claim of fraud or collusion in this case, although the action of the trial court would indicate that there might be a presumption to that effect.

For these reasons, I am impelled to dissent from the majority opinion.