No. 19,725.

HARRY C. ROCKEY *v*. L. T. McCAULEY.

(366 P. [2d] 138)

Decided November 13, 1961.

Mr. ROBERT E. COLE, for plaintiff in error.

Mr. HUNTER D. HARDEMAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error Rockey was garnishor in the trial

court and defendant in error McCauley was garnishee. We will refer to the parties by name.

In May 1956 Rockey obtained a judgment against one Klipping in a justice court in El Paso County. In June 1956 a transcript of this judgment was filed in the district court of El Paso County.

Thereafter Klipping and McCauley, the defendant in error here, became involved in a lawsuit in the district court of El Paso County which resulted in a judgment for Klipping and against McCauley in the amount of $673.00 and costs.

Rockey then served a garnishee summons upon Mc-Cauley. McCauley answered that he was the owner and holder of two judgments against Klipping; that he was entitled to set off these judgments against the judgment obtained by Klipping; and that he had filed a motion in the Klipping-McCauley matter asking the court to allow such set-off. Thereafter McCauley proceeded in the district court to have his set-off allowed. Rockey was not a party to that proceeding.

Within the time allowed by Rule 103, Rockey filed a traverse to McCauley's answer, alleging, among other things, that McCauley was not the owner and holder of the judgments which he claimed gave him the right to a set-off.

McCauley thereupon filed a motion to quash the traverse, contending that it did not state facts sufficient to put in issue the matters stated in the garnishee's answer and that such matter was concluded by the trial court's action in allowing the set-offs in *Klipping v. McCauley*.

Upon hearing the motion to quash the traverse the court, without taking any evidence, granted the motion as a matter of law. Rockey filed a motion for rehearing, requesting the right to present evidence on the issues. This motion was denied, and upon this state of the record the matter is before us.

The law is clear in Colorado that in garnishment

proceedings the answer of the garnishee and the traverse thereof make up the issues, *General Accident Fire and Life Assurance Co. v. Mitchell, et al.,* 120 Colo. 531, 211 P. (2d) 551. Rockey alleged in his traverse that at the time the garnishee summons was served, McCauley was not the owner and holder of the judgments which he claimed as set-offs. Rockey was entitled to present evidence in support of that allegation and it was error to deny him that right.

McCauley correctly points out that in Colorado an assignee for collection may bring suit. He does this, anticipating that upon trial of the issues the evidence presented by Rockey will show that McCauley was an assignee for collection on the date of the service of the garnishee summons. It may be that counsel is correct and that the evidence upon the trial will show exactly what counsel says it will, but we cannot indulge that assumption here. Rockey is entitled to present his evidence, and to have the matter determined upon such evidence, rather than upon speculation as to what it may show.

Nor is he precluded from raising the issue of McCauley's right to a set-off because of the trial court's action in allowing the set-off in Klipping v. McCauley. McCauley's right of set-off as against the claim of Rockey became fixed as of the date of the service of the garnishment. Rockey was entitled to a hearing on the issue of whether McCauley had a right of set-off on that date. He has never been afforded that hearing. He was not a party to the action allowing the set-off in Klipping v. McCauley and is therefore not bound by the result in that case.

The judgment is reversed and the cause remanded to the trial court with directions to try the issues raised by the traverse to the answer in garnishment.

Mr. Chief Justice Hall and Mr. Justice McWilliams concur.