**ANDERSON BONELESS BEEF, INC., a Colorado Corporation, Plaintiff-Appellant,**

v.

**SUNSHINE HEALTH CARE CENTER, INC., a Colorado Corporation, Defendant,**

and

**Omnibank Denver, Garnishee–Appellee,**

and

**Eden Foundation Inc., a Missouri Corporation, Intervenor–Appellee.**

No. 92CA0393.

Colorado Court of Appeals, Div. IV.

April 22, 1993.

Berger & Berger, Nathan M. Berger, Commerce City, for plaintiff-appellant.

No appearance for defendant Sunshine Health Care Center, Inc.

No appearance for garnishee-appellee Omnibank Denver.

Yu, Stromberg, Huotari & Cleveland, P.C., Frederick Y. Yu, Susan B. Levy, Denver, for intervenor-appellee.

Opinion by Judge Marquez.

Plaintiff, Anderson Boneless Beef, Inc. (Anderson), appeals the trial court's judgment discharging its writ of garnishment against Omnibank Denver. We affirm.

On August 1, 1991, Eden Foundation, Inc. (Eden), began operation of Poplar Grove Nursing Home, a facility formerly operated by Sunshine Health Care, Inc., as Sunshine Health Care Center. The record indicates that Eden has no connection to Sunshine.

Eden, on or about July 30, 1991, opened a bank account at Omnibank into which it deposited social security and supplemental security income checks which, according to Eden, represented benefits due the residents of the facility. Some of these checks were payable to "Sunshine Health Care Ctr for [resident]."

On August 7, 1991, Anderson obtained a judgment against Sunshine Health Care Center, Inc., in the amount of $5,082.26 plus interest and costs, for monies owing on products delivered to Sunshine during the period December 1, 1989, through February 19, 1990. On October 23, 1991, Anderson served a writ of garnishment upon Omnibank identifying the judgment debtor as Sunshine Health Care Center, Inc., and seeking to determine whether, on the date and time the writ was served upon Omnibank, Omnibank possessed or controlled any of the judgment debtor's personal property, or whether Omnibank owed any rents, payments, obligations, debts, or moneys to the judgment debtor. On October 24, 1991, Omnibank answered, "No."

In its traverse, Anderson alleged that Omnibank maintained account number 2126737 and that funds payable to Sunshine were being deposited in the account under another name.

Eden moved to intervene, stating that the bank account in question was Eden's property. Eden then moved for release of the writ of garnishment, asserting that the funds in the account which Anderson sought to garnish were not Sunshine's.

At the hearing, the parties stipulated to the admission of a check payable to the order of "Sunshine Healthcare Ctr for [beneficiary]." The check, which was issued by the United States Treasury, contains the following words on the reverse side:

Deposit Only 2126737
CREDIT TO THE ACCOUNT OF
WITHIN NAMED PAYEE
ENDORSEMENT GUARANTEED
OMNIBANK DENVER
DENVER, COLORADO.

While Anderson argued that there is nothing to indicate those funds belong to anybody other than Sunshine Healthcare Center and requested judgment for any check that was made out and deposited in such a form, it presented no witnesses or documentary evidence, other than the foregoing check. Eden presented testimony from the president of Eden and a vice-president of Omnibank.

Anderson concedes that Sunshine was not a customer of Omnibank from July 30 to the date of hearing and that account 2126737 was listed as an account for Eden Foundation, d/b/a Poplar Grove Care Center.

The court ruled that the bank has no obligation to look behind the accounts that it has. It found that the account that the bank had was in the name of Eden Foundation, Inc., and that it had no account in the name of Sunshine Healthcare Center, Inc., a Colorado corporation.

The trial court also ruled that Omnibank had correctly answered that it had no funds payable to Sunshine Health Care, Inc. As to whether Omnibank has some liability for placement of funds in some other account, the court limited its determination under *Kelly v. Central Bank & Trust Co.*, 794 P.2d 1037 (Colo.App.1989), to stating that there was no endorsement and that there is no obligation to look behind the document itself.

It declined to impose liability and discharged the writ of garnishment. In denying Anderson's subsequent motion for reconsideration, the court further found that there was no money due and owing to

Sunshine Health Care Center, Inc., as of the date of garnishment.

The record indicates that on December 10, 1991, Anderson obtained a second writ of garnishment naming Sunshine Health Care Center, Inc., as the judgment debtor and specifically identifying account number 2126737. No ruling was made on this writ prior to the time notice of this appeal was filed. While the record indicates the court ultimately discharged the second writ based upon its ruling on the first writ, Anderson asserts no error in the court's ruling on the second writ.

## I.

■ Anderson asserts that the court erred in discharging the writ of garnishment and that Omnibank is liable to the judgment debtor, Sunshine, for checks made payable to the order of Sunshine and deposited in Eden's bank account without endorsement. We conclude that Omnibank properly answered the garnishment and, thus, affirm.

## A.

■ C.R.C.P. 103 § 4(c) states that a judgment creditor may garnish personal property of any description owned by, or owed to, such judgment debtor and in the possession or control of the garnishee. If the debtor could bring an immediate action to recover the debt from the garnishee, then the debt is due and payable within the meaning of the section. *Martinez v. Dixon,* 710 P.2d 498 (Colo.App.1985).

C.R.C.P. 103 § 8(b)(3) provides in part as follows:

Upon hearing of the traverse, if the court finds the garnishee liable to the judgment debtor ... at the time of service of the writ:

(A) The court shall enter judgment in favor of the judgment debtor ... against the garnishee for the use and benefit of the judgment creditor ... if the garnishee was liable to the judgment debtor....

■ A garnishee is totally unaffected by any notice which may be served upon him, unless it properly runs with an accurate description against the individual to whom he may be indebted. But, an exception to the requirement of an accurate description occurs if it is shown that the garnishee had actual knowledge of the identity of the debtor and the person named in the process. *See German National Bank v. National State Bank,* 5 Colo.App. 427, 39 P. 71 (1895) (notice of garnishment against W.J. Motley would not reach moneys due W.G. Motley).

■ There must be sufficient specificity concerning the identity of the debtor in the writ or in its supporting documents to enable the garnishee to verify its answers to the interrogatories. *Berns, Clancy & Associates v. Bank of Boulder,* 717 P.2d 1022 (Colo.App.1986).

■ The answer of the garnishee and the traverse of the plaintiffs make up the issues in garnishment proceedings, *Rockey v. McCauley,* 148 Colo. 331, 366 P.2d 138 (1961), and the burden of proof is upon the plaintiff in the garnishment proceedings to establish by a preponderance of the evidence all the facts upon which it relies to charge the garnishee. *General Accident Fire & Life Assurance Corp. v. Mitchell,* 120 Colo. 531, 211 P.2d 551 (1949).

■ A bank served with a writ of garnishment may rely on its deposit agreements when determining to whom it is indebted. Requiring a garnishee bank to determine true ownership of its deposits improperly shifts a judicial responsibility to the garnishee. *Bank One, Texas, N.A. v. Sunbelt Savings, F.S.B.,* 824 S.W.2d 557 (Tex.1992).

■ A bank that is served with a writ of execution cannot be held liable to a judgment creditor unless it handles funds in the name of the judgment debtor. The duty of a garnishee bank is to find out whether the defendant named in the writ of execution has funds on deposit with it, and it need not examine the affairs of any person other than the one named in the writ. *Yacht Club Sales & Service, Inc. v. First National Bank,* 101 Idaho 852, 623 P.2d 464 (1980); *see Valley National Bank v. Brown,* 110 Ariz. 260, 517 P.2d 1256

(1974) (A bank served with a garnishment notice has no duty to determine or resolve conflicting claims as to ownership of funds of an account, and a garnishee bank which wrongfully impounds the funds in an account is liable in damages to the account's owner for so doing.)

Here, there is no indication that Omnibank had funds on deposit in an account in the name of the judgment debtor set forth in the writ. Thus, Omnibank properly answered the writ.

### B.

██ Anderson asserts, however, that it is entitled to judgment in favor of Sunshine for Anderson's use and benefit pursuant to C.R.C.P. 103 § 8(b)(3)(A).

The check admitted in evidence was made payable to "Sunshine Health Care Ctr for [beneficiary]" and on the back appear the words "Deposit Only 2126737." Anderson relies on *Kelly v. Central Bank & Trust Co.*, *supra*, which held that the words "for deposit" or "for deposit only" are alone but a written direction which are inadequate, without a signature, to negotiate an instrument and transfer title of order paper. Reasonable standards of banking practice require a depository bank to make inquiry as to the reason and authority for the deposit to a third person's account for a check endorsed by a corporate payee before accepting the check for deposit.

Even if we assume the bank was required to inquire before depositing the checks to Eden's account, Anderson has failed to present any evidence that it is entitled to claim an interest in the checks here at issue.

██ As a general rule, a judgment creditor can garnish the funds of a depositor only when the depositor is the true owner. *Susman v. Bank*, 117 Colo. 12, 183 P.2d 571 (1947).

██ The social security funds at issue are federal funds. Whether the proceeds of a federally established program may be garnished pursuant to state garnishment procedures is a question of federal law.

*Schaerrer v. Westman Commission Co.*, 769 P.2d 1058 (Colo.1989). 42 U.S.C. § 407(a) (1988) provides, in pertinent part:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

This section unambiguously rules out any attempt to attach social security benefits. *See Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973); *Bennett v. Arkansas*, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988).

Anderson's assertion that, once deposited in the Poplar Garden operating account, the funds lose their character as federal or state benefits, is unavailing. The regulations found at 20 C.F.R. § 404.2001, et seq., make clear that a representative payee may use the payments he or she receives only for the use and benefit of the beneficiary. 20 C.F.R. § 404.2035. Such use and benefit occurs if the funds are used for the beneficiary's *current* maintenance. 20 C.F.R. § 404.2040. *See* § 26–2–131, C.R.S. (1989 Repl.Vol. 11B).

Here, Anderson did not present any evidence that, in August 1991, Sunshine was providing services to the beneficiaries. Thus, according to the evidence presented by Eden, use of these funds was limited to that necessary to provide for the current maintenance of the beneficiaries.

### II.

██ Eden asserts that Anderson's pursuit of this claim in spite of its awareness of the facts in the law amounts to frivolous and groundless litigation, entitling Eden to its attorney fees. We disagree.

██ An appeal should be considered frivolous if the proponent can present no rational argument based on the evidence or law in support of a proponent's claim or defense, or the appeal was prosecuted for

the sole purpose of harassment or delay. *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984). Although Anderson's arguments are unavailing, we cannot conclude that they so lack a rational basis in fact or law as to justify the imposition of sanctions.

The judgment is affirmed.

PLANK and JONES, JJ., concur.