878 P.2d 98 (1994)
ANDERSON BONELESS BEEF, INC., a Colorado corporation, Plaintiff-Appellant,
v.
SUNSHINE HEALTH CARE CENTER, INC., a Colorado corporation, Defendant, and
Omnibank Denver, Garnishee, and
Eden Foundation, Inc., a Missouri corporation, Intervenor-Appellee,
and concerning Nathan M. Berger, Appellant.
No. 93CA0575.
Colorado Court of Appeals, Div. V.
March 10, 1994.
Rehearing Denied April 7, 1994.
Certiorari Denied August 22, 1994.
*99 Berger & Berger, Nathan M. Berger, Commerce City, for plaintiff-appellant.
No appearance for intervenor-appellee.
Berger & Berger, Nathan M. Berger, Commerce City, for appellant.
Opinion by Judge CASEBOLT.
Anderson Boneless Beef, Inc., (Anderson) and its attorney, Nathan M. Berger, appeal from the order of the trial court imposing sanctions for attempting to garnish an account at Omnibank Denver. We affirm in part and reverse in part.
Anderson obtained a money judgment against Sunshine Health Care Center, Inc., (Sunshine) after it went out of business as a nursing home operator. Although operation of the nursing home had been taken over by Eden Foundation, the federal government continued to issue monthly checks naming Sunshine as the representative payee for Medicaid patients at the facility. Anderson apparently learned that Eden was depositing these checks in its account with Omnibank Denver, and it therefore served the bank with a writ of garnishment. The bank denied holding any funds belonging to Sunshine, and the case proceeded to a hearing after Anderson filed a traverse.
At the hearing, Anderson relied on the Uniform Commercial Code, § 4-1-101, et seq., C.R.S. (1992 Repl.Vol. 2), as the basis for its claim to the federal checks. Specifically, Anderson noted that the checks were made out to "Sunshine Health Care Center for [the named Medicaid beneficiary]" and signed by Eden with "deposit only" followed by its account number. The words "deposit only" did not constitute an endorsement, and Anderson argued that crediting Eden's account with the proceeds from the checks was the legal equivalent of payment on a forged instrument, thereby subjecting the bank to liability to Sunshine for conversion.
The court declined to rule on this argument, and instead concluded that the case turned on the narrower issue of whether the bank had correctly answered the writ of garnishment by stating it held no funds belonging to Sunshine. As to this issue, the court also noted Anderson's writ did not specify a particular account number, and it thus ruled that the bank's obligation was limited to determining whether it had an account in Sunshine's name. Since the bank had fulfilled this obligation, the court discharged the garnishment. This ruling was affirmed on appeal in Anderson Boneless Beef, Inc. v. Sunshine Health Care Center, Inc., 852 P.2d 1340 (Colo.App.1993).
Immediately after the trial court issued its ruling, Anderson obtained a second writ of garnishment, this time specifically identifying Eden's account number. Eden moved to discharge the writ, and it requested an award of attorney fees as a "sanction ... for wrongful garnishment." The court discharged this writ, and it subsequently ruled that, in view of the information presented in the first hearing, Anderson's attorney knew or should have known the second garnishment was substantially frivolous and groundless. Consequently, the court entered an order imposing sanctions jointly and severally against Anderson and its attorney pursuant to the attorney fees act, § 13-17-101, et seq., C.R.S. (1987 Repl.Vol. 6A). This appeal followed.

I.
Initially, we reject Anderson's contention that its second attempt to garnish Eden's bank account was not frivolous.
*100 Anderson was attempting to collect its judgment by obtaining from the bank any money, credits, debts, or property belonging to Sunshine. See Union Colony Bank v. United Bank, 832 P.2d 1112 (Colo.App.1992). The bank's liability, as a garnishee, was therefore measured in terms of its liability to Sunshine, and Anderson had the burden of proving the existence of Sunshine's right to recover from the bank. See Martinez v. Dixon, 710 P.2d 498 (Colo.App.1985). However, after the hearing on the first writ, Anderson's attorney was on notice that Sunshine had no claim against the bank under either state or federal law.
Sunshine was named as the representative payee only because of a clerical error by the federal government, and Sunshine suffered no detriment from any irregularity in the bank's processing of the checks, since the federal payments were applied as intended, for the use of the Medicaid patients in Eden's care. See, e.g., Lund v. Chemical Bank, 797 F.Supp. 259 (S.D.N.Y.1992) (under the Uniform Commercial Code, there can be no cause of action by anyone on a forged endorsement when the proceeds of the check reach the intended payee).
Given this background, it should have been readily apparent that there was no rational legal basis for the second writ of garnishment. Consequently, the trial court was correct in deeming the writ frivolous and imposing sanctions on that basis. See Western United Realty, Inc. v. Isaacs, 679 P.2d 1063 (Colo.1984); Nienke v. Naiman Group, Ltd., 857 P.2d 446 (Colo.App.1992).

II.
We also reject Anderson's assertion that the sanctions order must be reversed because Eden's motion did not adequately "explain the basis upon which fees are sought," as required by C.R.C.P. 121 § 1-22, and did not give Anderson and its attorney proper notice of the claim for fees.
C.R.C.P. 121 is a practice standard establishing a uniform procedure for requesting attorney fees. The requirement that a motion "explain" the basis for the fee request is designed to provide notice so that the opposing party can present a meaningful response on whether an award is warranted.
Eden's motion requested an award of attorney fees as a "sanction ... for wrongful garnishment." Although the motion did not specify that sanctions were being sought under the attorney fees act, Anderson's attorney admitted during the hearing on the motion that he was prepared to address the issue of whether the second garnishment was "wrongful" in the sense of being legally deficient.
While Anderson's attorney initially claimed surprise that attorney fees were being requested under C.R.C.P. 11 and § 13-17-101, et seq., C.R.S. (1987 Repl.Vol. 6A), and further claimed that there was a conflict of interest between himself and his client, he nevertheless failed to request a continuance.
Finally, the trial court granted Anderson itself thirty days to present arguments on its responsibility, as well as to contest the amount being requested.
Under these circumstances, we conclude that Eden's failure to refer to the attorney fees act in its motion was harmless, and further conclude that the issue of notice, if any, was waived.

III.
Also without merit is Anderson's assertion that the attorney fees act, which by its terms applies only to "civil actions," cannot serve as the basis for imposing sanctions here because garnishment is considered an "ancillary proceeding."
The original version of the attorney fees act was limited to "any suit involving money damages." Colo.Sess.Laws 1977, ch. 189, § 2, at 796. Based upon this restriction, a division of this court held that the act did not apply to garnishment proceedings. Commercial Claims, Ltd. v. First National Bank, 649 P.2d 736 (Colo.App.1982). The amendments enacted in 1984, however, significantly expanded the scope of the act, so that a trial court is now authorized to impose sanctions whenever "any part" of "any civil action of any nature" lacks justification. Sections 13-17-102(1), 13-17-102(2), and 13-17-102(4), C.R.S. (1987 Repl.Vol. 6A). Therefore, even *101 though garnishment is characterized as an "ancillary proceeding ... in aid of execution issued pursuant to an existing judgment," Wright v. Nelson, 125 Colo. 217, 223, 242 P.2d 243, 246 (1952), it is nonetheless a "part" of a civil action, and it falls within the ambit of the attorney fees act.

IV.
Anderson contends for the first time on appeal that the General Assembly's enactment of the attorney fees act violates the constitutional doctrine of separation of powers by interfering with the supreme court's rule-making authority. Anderson further contends, also for the first time on appeal, that the attorney fees act is unconstitutional because it neither requires nor allows a hearing prior to imposition of fees for groundless or frivolous actions.
We decline to address these issues since they were not raised in the trial court. See Committee for Better Health Care v. Meyer, 830 P.2d 884 (Colo.1992); Wholesale Specialties, Inc. v. Village Homes, Ltd., 820 P.2d 1170 (Colo.App.1991).

V.
Anderson contends that the trial court erred in assessing sanctions jointly rather than solely against its attorney. We agree.
The attorney fees act authorizes a trial court to impose sanctions against an attorney, the client, or both. Section 13-17-102(3), C.R.S. (1987 Repl.Vol. 6A). However, in exercising this authority, a trial court should allocate sanctions between the attorney and the client according to their relative degrees of responsibility for the violation of the act. Cf. Maul v. Shaw, 843 P.2d 139 (Colo.App.1992) (applying C.R.C.P. 11).
Here, following the hearing on Eden's motion, Anderson's attorney filed a document with the trial court in which he accepted "full responsibility for the decision to proceed with the second writ of garnishment." In light of this admission, filed within the thirty days granted to Anderson, the trial court erred in imposing a sanction against Anderson.
The portion of the order assessing attorney fees against Anderson is reversed. The remainder of the order is affirmed.
HUME and RULAND, JJ., concur.