**MIDWEST MUTUAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**ST. ANTHONY HOSPITAL, Defendant–Appellant.**

**No. 00CA1667.**

Colorado Court of Appeals, Div. IV.

Oct. 25, 2001.

**522**

Walberg, Dagner & Tucker, P.C., Bradley Tucker, Centennial, CO, for Plaintiff–Appellee.

James D. King & Associates, P.C., John McNamara, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

In this declaratory judgment/interpleader action, defendant, St. Anthony Hospital, appeals from a judgment denying its request that plaintiff, Midwest Mutual Insurance Company, pay interest on payments due under an insurance policy. We reverse and remand.

The relevant factual background of this case is set forth in this court's previous opinion of *Midwest Mutual Insurance Co. v. Murry*, 971 P.2d 295 (Colo.App.1998)(*Midwest I*). In *Midwest I*, a division of this court affirmed a trial court's decision to allow Midwest to file a declaratory judgment action to determine its rights and obligations under the No–Fault Act relative to other insurers regarding payment of $100,000 in personal injury protection (PIP) benefits. However, the division in *Midwest I* reversed the trial court's ruling that Midwest was entitled to return of one-third of the interpleaded insurance proceeds from the court registry. The division concluded that under § 10–4–707(3), C.R.S.2001, Midwest was required to pay St. Anthony the full policy limit of $100,000, but could thereafter seek contribution from other responsible insurers.

Upon remand, Midwest paid St. Anthony the remaining amount ordered. Thereafter, St. Anthony filed a motion seeking interest pursuant to § 10–4–708(1.8), C.R.S.2001, on the PIP benefits ultimately paid by Midwest. That statute authorizes recovery of such interest if an insurer fails to make prompt payment of PIP benefits as required under § 10–4–708(1), C.R.S.2001.

Midwest denied that it owed interest under § 10–4–708(1.8). It relied on language in *Midwest I* in which the division found that Midwest was entitled to file the declaratory judgment action. It further argued that only the actual insured was entitled to recover interest under § 10–4–708(1.8) and that any interest owed should be based upon the regular statutory rate of eight percent. Midwest also argued that interpleading the $100,000 into the court registry in the declaratory judgment action amounted to payment of benefits for purposes of § 10–4–708(1.8).

The trial court entered summary judgment in favor of Midwest, relying primarily on the language in *Midwest I* upholding Midwest's right to file the declaratory judgment action. The trial court also held that, because no party requested that the disputed proceeds be placed in an interest-bearing account, any right to interest had been waived. The trial court later certified the judgment denying interest as final under C.R.C.P. 54(b).

St. Anthony contends that the trial court erred in concluding that it was not entitled to interest under § 10–4–708(1.8). We agree.

Pursuant to § 10–4–708(1), an insurer is required to pay PIP benefits within thirty days after the insurer receives reasonable proof of the fact and amount of expenses incurred. That statute further provides that, if the insurer fails to pay such benefits when due, the person entitled to such benefits may bring an action in contract to recover the same. *See Adams v. Farmers Ins. Group*, 983 P.2d 797 (Colo.1999).

Section 10–4–708(1.8) provides that as to any overdue payments, the insurer "shall pay interest to the insured on the benefits ... at a rate of eighteen percent per annum, with interest commencing from the date the benefits ... were due." That statute further authorizes an award of three times the amount of unpaid benefits "in the event of

willful and wanton failure of the insurer to pay such benefits when due."

■ Thus, while an award of treble benefits requires a finding of willful and wanton conduct by the insurer, an award of interest on overdue payment of benefits requires no similar finding. Indeed, an insurer will be liable under § 10–4–708(1.8) for interest on overdue benefits, even if it withheld those benefits in good faith. *See Leland v. Travelers Indem. Co.,* 712 P.2d 1060 (Colo.App.1985)(under predecessor statute, insured had right to recover interest, even though payment of benefits under the policy was contested in good faith and upon reasonable grounds).

The trial court construed *Midwest I* as holding that, where a dispute exists regarding the net amount of PIP benefits for which an insurer is liable, an insurer can insulate itself from liability for interest under § 10–4–708(1.8) by filing a declaratory judgment action and interpleading the full amount of benefits into the court registry. This construction was understandable. Indeed, the *Midwest I* division indicated that disallowing such an action "would wrongfully penalize an insurance company which unsuccessfully sought declaratory relief by subjecting it to liability for treble damages, attorney fees, *and statutory interest.*" *Midwest Mut. Ins. Co. v. Murry, supra,* 971 P.2d at 298 (emphasis added).

However, the division in *Midwest I* ultimately determined that, prior to seeking equitable pro rata contribution from other parties, Midwest first was required to pay the whole covered loss of $100,000 to St. Anthony. The division specifically held as follows:

> In summary, we conclude that § 10–4–707(3) requires an insurer to pay the PIP benefits due to the insured or the insured's assignee before it may seek contribution for such payments from other responsible insurers. Accordingly, here, Midwest is required to pay St. Anthony the full policy limit of $100,000 because [the insured's] expenses exceed that amount.

*Midwest Mut. Ins. Co. v. Murry, supra,* 971 P.2d at 299–300.

After *Midwest I* was announced, St. Anthony filed a petition for rehearing specifically seeking interest under § 10–4–708(1.8).

Based upon that petition, the division modified its opinion to provide that "[o]n remand the trial court shall determine what interest, if any, should be awarded to St. Anthony." Thus, the division in *Midwest I* did not preclude the possibility of an award of interest under § 10–4–708(1.8).

■ In our view, the determination that Midwest should have paid the benefits first and sought equitable contribution later was, in essence, a determination that payment of benefits was overdue for purposes of § 10–4–708(1) and (1.8), *i.e.,* that payment was not made within thirty days after Midwest received reasonable proof of the fact and amount of expenses incurred. Thus, we conclude that, under the circumstances of this case, Midwest must pay interest under § 10–4–708(1.8), regardless of its good faith in filing the declaratory judgment action. *See Leland v. Travelers Indem. Co., supra.* While the filing of the declaratory judgment action and deposit of funds into the court registry certainly protected Midwest from an award of treble benefits based on willful and wanton conduct, we conclude that those actions did not insulate Midwest from the interest provisions of § 10–4–708(1.8).

■ Nor are we persuaded by the trial court's determination that St. Anthony waived its right to seek interest simply because neither party requested that the $100,000 be placed in an interest-bearing account. *See Burlington N. R.R. Co. v. Stone Container Corp.,* 934 P.2d 902 (Colo.App. 1997)(to constitute an implied waiver, the conduct must be free from ambiguity and clearly manifest the intent not to assert the benefit). The interest that would have been received in such an account is both qualitatively and quantitatively different from the interest St. Anthony sought pursuant to § 10–4–708(1.8).

The judgment is reversed, and the case is remanded for calculation of interest owed to St. Anthony.

Judge RULAND and Judge DAILEY concur.