Jamie L. ROSS, individually and as natural parent of minor children Jaylie B. Ross and Jaida S. Ross, and Crystal L. Ross, individually and as natural parent of minor children Jon Talon Ross, Tessa M. Ross, Starr L. Ross, and Cash D. Ross, Plaintiffs–Appellees,

v.

OLD REPUBLIC INSURANCE COMPANY, Garnishee–Appellant.

No. 04CA1985.

Colorado Court of Appeals, Div. I.

Feb. 9, 2006.

As Modified on Denial of Rehearing March 23, 2006.

See also, 283 F.3d 1222.

Schaden Katzman Lampert & McClune, Bruce A. Lampert, Broomfield, Colorado, for Plaintiff–Appellee Jamie L. Ross.

Zarlengo Mott Zarlengo & Winbourn, Zane Moseley, Denver, Colorado, for Plaintiff–Appellee Crystal L. Ross.

Davis Graham & Stubbs, LLP, Andrew M. Low, Rudy E. Verner, Denver, Colorado; Grund & Nelson, PC, John W. Grund, Della S. Nelson, Denver, Colorado, for Garnishee–Appellant.

ROMAN, J.

In this garnishment proceeding, garnishee, Old Republic Insurance Company, appeals

the judgment entered in favor of plaintiffs, Jamie L. Ross and Crystal L. Ross, individually and on behalf of their six minor children. We reverse and remand for further proceedings.

An airplane chartered through the Durango Air Service, Inc. (DAS) crashed, killing the pilot and both passengers. Plaintiffs, the passengers' surviving spouses and children, brought a wrongful death action against DAS, its president and half-owner, Watkins, and the pilot's estate.

DAS and Watkins (defendants) were insured under two policies issued by Old Republic. The aviation policy covered liability resulting from bodily injury and death from operation of an aircraft and had a coverage limit of $700,000 with a liability limit of $100,000 per passenger. Old Republic paid plaintiffs $200,000 under this policy.

However, Old Republic disputed coverage under a comprehensive general liability policy that had a policy limit of $1 million. Old Republic sought a declaratory judgment in the federal district court "that it had discharged the full extent of its obligation to indemnify the insureds." Ultimately, the Court of Appeals for the Tenth Circuit affirmed the district court's determination that Old Republic was liable under both policies. *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222 (10th Cir.2002). Old Republic then paid each plaintiff group $750,000 under the second policy.

During the federal court proceedings, plaintiffs and defendants entered into a settlement agreement in which (1) defendants confessed judgment of $2 million per plaintiff group plus interest; (2) Watkins agreed to sign a $50,000 promissory note to plaintiffs, for which he would be reimbursed if plaintiffs recovered more than the amount of the consent judgment against Old Republic; (3) defendants agreed to prosecute claims against Old Republic fully; (4) defendants agreed to be represented by plaintiffs' lawyers and waived any potential conflict of interest; (5) plaintiffs reserved the right to approve any settlement reached with Old Republic; and (6) plaintiffs and defendants agreed to share any compensatory or punitive damages recovered beyond the amount of the consent

judgment. Defendants then confessed judgment on all claims contained in the amended complaint, and the trial court entered a consent judgment of $4 million.

Almost a year after Old Republic paid plaintiffs under the CGL policy, plaintiffs filed writs of garnishment for over $5.7 million against Old Republic for post-judgment interest on the consent judgment under the terms of the CGL policy and costs.

## I.

Old Republic first contends the trial court erred in ruling that it agreed to the consent judgment and that res judicata barred its challenge to the judgment. Conversely, plaintiffs contend that Old Republic consented to the judgment and that the doctrines of res judicata, equitable estoppel, and waiver bar Old Republic's challenge to the consent judgment. We agree with Old Republic.

### A.

◼ We reject plaintiffs' argument that Old Republic consented to the judgment in a letter written by Old Republic's counsel to Watkins's counsel.

◼ Interpretation of a written document presents a question of law which we review de novo. *Bolser v. Bd. of Comm'rs*, 100 P.3d 51 (Colo.App.2004).

Plaintiffs cite the following language to prove Old Republic's consent:

> On behalf of Old Republic, we can assure you and your clients that, if your clients wish to resolve the litigation as you have suggested, Old Republic has no objection to that and will agree to indemnify your insureds, but only to the extent of the determined insurance coverage.

However, this language immediately follows a sentence in which Old Republic distinguished a previous request to "authorize" defendants to confess judgment and stated that the current request was for an answer whether "such a confession of judgment [is] a breach of the policy, affecting your clients' insurance coverage." Moreover, Old Republic reiterated that it "stands by the position it

has previously communicated" that the coverage for the accident was limited to $200,000 under the aviation policy unless otherwise determined by the federal court.

The context of the letter, therefore, shows that Old Republic agreed to pay plaintiffs under the insurance policy if the parties entered into a settlement agreement. Furthermore, even if the language cited by plaintiffs could be read as consenting to the judgment, Old Republic agreed to indemnify "only to the extent of the determined insurance coverage," not the full amount of the consent judgment.

Accordingly, Old Republic only agreed to indemnify defendants to the extent of any liability under the insurance policies.

### B.

■ Plaintiffs also argue that res judicata bars Old Republic's challenges to the consent judgment because Old Republic failed to raise those challenges in the federal court proceedings. We disagree.

The Colorado Supreme Court uses the terms "claim preclusion" and "issue preclusion," rather than "res judicata" and "collateral estoppel," because "res judicata" is commonly used as an overarching label for both claim and issue preclusion. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.,* 109 P.3d 604 (Colo.2005). Therefore, although the parties and the trial court discuss the preclusive effect of the federal court proceedings as "res judicata," we analyze the issue as "claim preclusion."

■ Claim preclusion prevents the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not. For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the actions. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra.*

■ However, a declaratory judgment action is an exception to the claim preclusion doctrine. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra* (recognizing exception for declaratory judgments because they are limited proceedings in which the court determines the rights of parties based on the interpretation of a written instrument); *Atchison v. City of Englewood,* 180 Colo. 407, 506 P.2d 140 (1973).

Here, in federal court Old Republic sought only a declaratory judgment of its liability under the insurance policies at issue. As such, the declaratory judgment was binding on the amount of coverage only. Therefore, the doctrine of claim preclusion does not bar Old Republic's challenge to the consent judgment.

### C.

■ Plaintiffs next assert that Old Republic's challenge is barred by the doctrine of equitable estoppel. We are not persuaded.

■ Equitable estoppel requires that a person induce another detrimentally to change position in reasonable reliance on the person's actions through words, conduct, or silence. The party to be estopped must intend that its representation be acted on so that the other party is justified in relying upon the represented facts. *Cont'l W. Ins. Co. v. Jim's Hardwood Floor Co.,* 12 P.3d 824 (Colo.App.2000).

Here, plaintiffs argue that they relied on the letter from Old Republic in entering into the consent judgment. However, the letter stated that settlement would not constitute a breach of the policy and clearly limited indemnity to the policy limits. Therefore, we cannot conclude that plaintiffs' reliance on the letter was reasonable. *See Cont'l W. Ins. Co. v. Jim's Hardwood Floor Co., supra.*

Nevertheless, plaintiffs argue that Old Republic paid them in partial satisfaction of the consent judgment and therefore waived any objection to the judgment. However, Old Republic was required to pay plaintiffs under the terms of its insurance policies, as determined by the court. Plaintiffs incorrectly conflate payment under one legal obligation with acknowledgement of another. Moreover, plaintiffs do not dispute that when Old Republic tendered payment under the gener-

al liability insurance policy, it included language that payment did not constitute such a waiver. Additionally, Old Republic's request that plaintiffs acknowledge receipt of payment in the trial record does not indicate a willingness to be bound by the consent judgment.

Plaintiffs further argue that Old Republic represented in federal court that the judgment was properly entered as one collective judgment. However, we find nothing in the record to support plaintiffs' claim that Old Republic conceded in the federal court proceedings that the consent judgment was valid or that it was binding on Old Republic. *See People v. Dist. Court*, 898 P.2d 1058 (Colo. 1995)(it is fundamental that a court does not settle legal questions on the naked factual assertions of counsel); *Schempp v. Lucre Mgmt. Group, LLC*, 75 P.3d 1157 (Colo.App. 2003)(we will not consider an issue when counsel alleges facts outside of the record and fails to supplement the record to support such allegations).

Accordingly, we conclude equitable estoppel does not bar Old Republic's challenge to the consent judgment.

### D.

Plaintiffs next argue that Old Republic waived its challenges to the consent judgment. We disagree.

■ Waiver is the intentional relinquishment of a known right. Waiver may be express, as when a party states its intent to abandon an existing right, or may be implied, as when a party engages in conduct that manifests its intent to relinquish the right or that is inconsistent with its assertion. *In re Marriage of Robbins*, 8 P.3d 625 (Colo.App. 2000).

Here, plaintiffs rely on the letter, the lack of objection in the federal court proceedings, and the payment toward satisfaction of the consent judgment in arguing that Old Republic waived its challenges. However, we reject these arguments for the reasons discussed above.

### E.

■ Finally, plaintiffs assert that Old Republic's arguments on appeal constitute an improper collateral attack on the underlying consent judgment. Again, we disagree.

■ A final judgment entered with proper jurisdiction is not subject to collateral attack. *Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12 (Colo.2003); *see also DeBoer v. Dist. Court*, 184 Colo. 112, 518 P.2d 942 (1974)(a judgment, whether obtained by default or in the ordinary course of proceedings, is entitled to complete legal effect).

■ However, persons not parties to a judicial proceeding cannot be bound by the court's action therein. *People ex rel. Inter–Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273 (1956); *see also Nat'l Farmers Union Prop. & Cas. Co. v. Frackelton*, 662 P.2d 1056 (Colo.1983)(collateral estoppel cannot be applied to disadvantage a person who has not litigated the issue in question); *Rockey v. McCauley*, 148 Colo. 331, 366 P.2d 138 (1961)(garnishor, who was not party to action allowing setoff between debtor and garnishee was not bound by result in that action); *Fid. & Deposit Co. v. Cont'l Cas. Co.*, 118 Colo. 97, 193 P.2d 266 (1948)(judgment in favor of one surety was not res judicata in a subsequent action against another surety who was not a party to original action).

Here, Old Republic was not a party to the consent judgment. As discussed previously, it did not agree to be bound by the judgment, act as if it were bound by the judgment, or waive its rights to challenge the enforceability of the judgment against it. Therefore, Old Republic's challenge to the consent judgment does not constitute an improper collateral attack because it is not bound by that judgment. *See People ex rel. Inter–Church Temperance Movement v. Baker, supra.*

Accordingly, we conclude the trial court erred in determining that Old Republic consented to the judgment and in applying the doctrine of claim preclusion to bar Old Republic's challenges to the writs of garnishment.

## II.

We next consider whether Old Republic is bound by the judgment notwithstanding its lack of consent. Old Republic contends it is not bound by the consent judgment because plaintiffs did not prove that the judgment was valid or reasonable. We agree.

■ A judgment creditor attempting to collect on a judgment debt bears the burden of proving the existence and validity of the indebtedness of the garnishee. Accordingly, the garnishee is treated as if it had been sued directly by the judgment debtor and is entitled to deny the indebtedness, to conduct discovery, and to have a hearing at which the judgment creditor must prove the allegations by a preponderance of evidence. *Hoang v. Monterra Homes (Powderhorn) LLC*, 129 P.3d 1028, 2005 WL 427936 (Colo.App. Nos. 02CA2544 & 03CA0379, Feb. 24, 2005).

### A.

■ Initially, we reject plaintiffs' argument that the settlement agreement constitutes a valid *Bashor* agreement.

■ A *Bashor* agreement is a settlement reached between opposing parties after a judgment has been obtained against the defendant. The plaintiff agrees not to execute on the judgment in exchange for the defendant's agreement not to appeal the judgment or pursue claims against third parties (and share any recovery with the original plaintiff). *Stone v. Satriana*, 41 P.3d 705 (Colo. 2002). The shared recovery only contemplates the return of any money the defendant has already paid to the injured party. *Serna v. Kingston Enters.*, 72 P.3d 376 (Colo.App. 2002).

Here, plaintiffs and defendants entered into a settlement agreement whereby defendants agreed to confess judgment, which was then entered by the trial court. The agreement, therefore, was not reached after plaintiffs obtained a judgment against defendants. *See Stone v. Satriana, supra.* Moreover, an enforceable judgment against defendants never existed apart from the confessed judgment, to which they stipulated. *See Serna v. Kingston Enters., supra; Marsh v. Warren*, 126 Colo. 298, 248 P.2d 825 (1952).

Furthermore, we find the settlement agreement at issue here to be akin to the profit-sharing agreement in *Serna v. Kingston Enterprises, supra.* Under the agreement here, plaintiffs and defendants agreed to share all punitive damages equally, defendants would receive any additional compensatory damages received beyond the full judgment, and Watkins would be reimbursed for the amount paid under the promissory note. Therefore, if successful against Old Republic, defendants not only would never pay the judgment against them, but also would make a profit from the proceedings. *See Serna v. Kingston Enters., supra.*

■ ■ Finally, *Bashor* agreements in Colorado are only used in bad faith insurance litigation involving allegations of breach of duty to indemnify. *See Serna v. Kingston Enters., supra.* Here, we note that the parties initiated a garnishment proceeding in which they allege that Old Republic consented to the full judgment, rather than litigation in which they allege Old Republic acted in bad faith in refusing to indemnify defendants.

Accordingly, we conclude that the settlement agreement does not constitute a valid *Bashor* agreement.

### B.

■ A consent judgment is distinguishable in some respects from a judgment resulting from contested litigation carried to conclusion by judicial determination. A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment. Such a judgment is merely the act of the parties consented to by the court. *Marsh v. Warren, supra.*

■ When dealing with consent judgments, courts must ensure that circumstantial guarantees of trustworthiness exist concerning the genuineness of the underlying judgment. The real concern is that the settlement may not actually represent an arm's length determination of the worth of the

plaintiff's claim. When the insured actually pays for the settlement of the claim or when the case is fully litigated, the amount of the settlement or judgment can be assumed to be realistic. However, the settlement amount in a consent judgment with a covenant not to execute is more suspect. *Miller v. Byrne,* 916 P.2d 566 (Colo.App.1995).

Here, the consent judgment was entered without a hearing, and no evidence was adduced before the court that entered the stipulated judgment. *See Miller v. Byrne, supra.* Rather, the parties, none of whom had an incentive to represent or protect Old Republic's interests, determined the amount of the judgment to be collected against Old Republic. Unlike a judgment entered by a neutral fact finder, the consent judgment here was entered by parties whose incentive was to pursue an action against Old Republic, which was not a party to the judgment. *See Miller v. Byrne, supra.*

Moreover, "[l]egal maneuvering, under which the stipulation becomes a judgment, should not permit the accomplishment by indirection of that which could not be done directly." *Marsh v. Warren, supra,* 126 Colo. at 305, 248 P.2d at 828. By initiating a garnishment action, which is an expedited proceeding, rather than litigation against Old Republic, plaintiffs are attempting to collect a judgment without affording Old Republic the right to defend its interests fully.

Accordingly, we conclude the consent judgment is not binding on Old Republic.

### III.

Old Republic next contends it does not owe post-judgment interest because it is not bound by the consent judgment. Although we agree with Old Republic that it cannot be liable for interest on a judgment that is not binding on it, we conclude Old Republic is liable for interest for a different reason. Therefore, we remand for determination of the amount of interest due.

When money has been wrongfully withheld, interest shall be an amount that fully recognizes the gain or benefit realized by the person withholding such money from the date of wrongful withholding to the date

of payment. Section 5–12–102, C.R.S.2005. Under this statute, wrongful withholding only requires failure to pay or deliver money when obligated to do so. *Peterman v. State Farm Mut. Auto. Ins. Co.,* 8 P.3d 549 (Colo.App.2000)(prejudgment interest is not subject to insurance policy's liability limits because the dispute between the insured and insurer is a contractual, not a personal injury, claim).

The purpose of this provision is to discourage persons responsible for the settlement of claims from stalling or delaying payment until final settlement or judgment. Therefore, prejudgment interest is available from the time a claim accrues. *Bowen v. Farmers Ins. Exch.,* 929 P.2d 14 (Colo.App. 1996).

Here, Old Republic agreed to indemnify defendants to the extent of the determined coverage. The federal court then determined Old Republic's liability was $1.7 million under the insurance policies, rather than the $200,000 initially paid by Old Republic. Although Old Republic has since paid the remaining $1.5 million due under the insurance policies, it has not paid interest on it, as required by § 5–12–102.

While we recognize that an insurance company may file a declaratory judgment action to determine the extent of its potential liability, *Midwest Mut. Ins. Co. v. Murry,* 971 P.2d 295 (Colo.App.1998), the insurance company must pay interest if it is determined to be liable, even when filing such an action in good faith. *Midwest Mut. Ins. Co. v. St. Anthony Hosp.,* 37 P.3d 521 (Colo.App.2001)(interest awarded under different statutory provision). Because the record shows that Old Republic did not interplead the contested funds, it is liable for interest on the $1.5 million wrongfully withheld from plaintiffs. *See Midwest Mut. Ins. Co. v. Murry, supra.*

Accordingly, we conclude Old Republic owes interest for wrongfully withholding the policy coverage, and we remand to the trial court for determination of the amount due.

## IV.

Because we conclude Old Republic is not bound by the consent judgment, we need not consider Old Republic's remaining arguments, and the fee award is vacated. *See Nichols v. Burlington N. & Santa Fe Ry.*, 56 P.3d 106 (Colo.App.2002)(when an appellate court reverses a judgment, any award of costs based on the reversed judgment necessarily becomes a nullity).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge DAILEY and Judge NEY * concur.