Vincent Paul SIMON,
Plaintiff–Appellant,

v.

TRUCK INSURANCE EXCHANGE and
Shari Chrane, Defendants–Appellees.

No. 86CA1320.

Colorado Court of Appeals,
Div. IV.

June 2, 1988.

E.B. Hamilton, Jr., Durango, for plaintiff-appellant.

Fowler and Schimberg, P.C., Daniel M. Fowler, Timothy P. Schimberg, Denver, for Truck Ins. Exchange.

White & Steele, P.C., Glendon L. Laird, Denver, for Shari Chrane.

BABCOCK, Judge.

Plaintiff, Vincent Paul Simon, appeals the summary judgment entered in favor of defendant Truck Insurance Exchange (Truck), the judgment partially dismissing Simon's other claims against Truck. He also appeals the judgment entered on a jury verdict in favor of defendant, Shari Chrane. We affirm.

Plaintiff owned a building that housed a meat packing plant. In 1981, he leased the plant to Leonard Russell. By the terms of the lease, Russell agreed to insure the property against fire, naming plaintiff as a beneficiary in the policy.

Russell purchased insurance from Truck through Truck's agent, Chrane. However, Russell named only himself as the insured. Although counsel for plaintiff discussed adding plaintiff as a beneficiary with Chrane and Russell, the original policy was never altered.

In January 1982, the plant burned. Plaintiff filed a claim for benefits on Russell's policy. Truck denied the claim, stating that plaintiff was not a party to the insurance contract, and even if he were, the claim would be barred by Russell's intentional acts in starting the fire.

Plaintiff sued for reformation of the policy to make him a beneficiary, and alleging that Chrane was negligent in failing to include him as a loss payee in the policy. Plaintiff also claimed that Truck was estopped from denying coverage and that Truck had acted in bad faith. The trial court entered summary judgment for Truck on plaintiff's bad faith claim. At the conclusion of the evidence at trial on the remaining claims, the trial court dismissed the reformation and estoppel claims. The jury returned a verdict in favor of Chrane on the negligence claim.

I.

Plaintiff first contends that the trial court erred in dismissing his claims for reformation and estoppel. We disagree.

A court may not reform an insurance contract absent proof of a mutual mistake between the parties. *Woodruff v. O'Dell*, 701 P.2d 112 (Colo.App.1985). Such a mistake must be one which is reciprocal and common to both parties, and both parties must labor under the same erroneous conception with respect to the terms and conditions of the instrument. *Woodruff v. O'Dell, supra.*

Here, the trial court found that there was no mutual mistake to support plaintiff's reformation claim. The court determined that the communications between Chrane and counsel for plaintiff did not "rise to the dignity of a mutual mistake." That finding is supported by the record and, thus, is binding on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979); *Woodruff v. O'Dell, supra.*

Plaintiff further argues that the policy should be reformed because, as a matter of law, Russell lacked an insurable interest in the property. We do not agree.

An "insurable interest in property" means "every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contem-

plated peril might directly damnify the insured." Section 10-1-102(6), C.R.S. (1987 Repl.Vol. 4A). A leasehold interest is an insurable interest. *See Helvetia Swiss Fire Insurance Co. v. Edward P. Allis Co.*, 11 Colo.App. 264, 53 P. 242 (1898).

By the terms of the lease itself, Russell was obligated to surrender the premises in the same condition as when he took possession. Such an obligation served to render Russell contingently liable for any damage to the property, and the "contemplated peril" of the fire "directly damnified" Russell. *See* § 10-1-102(6), C.R.S. (1987 Repl.Vol. 4A).

 Regarding plaintiff's estoppel claim, the trial court concluded that Truck did not cause plaintiff to change his position to his detriment in reliance on Truck's words or conduct. *See Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984); *Bolz v. Security Mutual Life Insurance Co.*, 721 P.2d 1216 (Colo.App.1986). Again, this conclusion is supported by the record and will not be disturbed on review. *Page v. Clark, supra.*

## II.

 Plaintiff next contends that the trial court erred in granting summary judgment in favor of Truck on plaintiff's bad faith claim. We again disagree.

The trial court determined correctly that even construing the facts as presented in the briefs in favor of plaintiff, there is nothing to support his bad faith claim. *See Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984). Even if we assume plaintiff could have established his right to recover as an insured party, there is nothing to suggest that Truck acted in bad faith towards plaintiff.

## III.

 Plaintiff's final contention is that the trial court committed reversible error in the trial of his negligence claim against Chrane by refusing to permit an expert witness to testify. We disagree.

A trial court has discretion to determine the admissibility of expert evidence. *An-*

*drikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App.1983).

The record reflects that plaintiff failed to designate the witness in question as an expert in his trial data certificate. *See* C.R.C.P. 121. Moreover, his offer of proof indicates that the witness' testimony would have been cumulative of that of another expert for plaintiff. Therefore, error in excluding this witness, if any, was harmless as a matter of law.

Judgment affirmed.

CRISWELL and JONES, JJ., concur.