Charles M. MARGASON,
Plaintiff–Appellant,

v.

Bob D. ROBERTS and Phyllis
D. Roberts, Defendants–
Appellees.

No. 94CA0947.

Colorado Court of Appeals,
Div. I.

Sept. 28, 1995.

As Modified on Denial of Rehearing
Nov. 9, 1995.

Certiorari Denied June 17, 1996.

Alpern, Johnson, Myers, Stuart & Scheuerman, Kenneth P. Meyers, Howard J. Alpern, Colorado Springs, for Plaintiff-Appellant.

Richard P. Ranson, Colorado Springs, for Defendants–Appellees.

Opinion by Judge METZGER.

In this action for relief from excessive collection costs, attorney fees, principal, and interest on the sale of real property, plaintiff, Charles M. Margason, appeals the dismissal of his complaint against defendants, Bob and Phyllis Roberts. We reverse and remand with instructions.

Plaintiff owned real property in El Paso County on which he had granted a deed of trust to the United Bank of Colorado Springs. In January of 1991, the bank declared the loan to be due and later initiated foreclosure proceedings. Plaintiff attempted to postpone further action on the foreclosure while he sought refinancing.

On September 25, 1991, the bank assigned the deed of trust to defendants. Defendants refused to postpone the foreclosure and plaintiff contracted to sell the property to a third party. Defendants' attorneys then informed plaintiff that he owed additional costs as well as recomputed principal and interest on the note. In response, plaintiff arranged to pay off the note, cancel the note and deed of trust, and to sell the property immediately to a third party.

On August 25, 1993, five days before these events were to take place, plaintiff's attorney sent a letter by facsimile transaction to defendants' attorney stating that plaintiff had authorized a payoff to defendants of the full amount that defendants claimed was due. The letter further stated that plaintiff was making this authorization "under protest" and that "he may bring an action in the future to recover some of the moneys paid to the Roberts under the theory of unjust enrichment, and upon the grounds that various other claims were unreasonably large or for unjustified services. He may also claim that the Roberts were estopped by their conduct from recomputing the balance due." Defendants' attorney responded by facsimile transaction later that day, advising that defendants did not agree with plaintiff's position and that any later lawsuit would result in the imposition of sanctions.

A representative from a title insurance company had agreed to act as escrow agent and to present defendants with a check for the full amount demanded. During the closing, out of the presence of plaintiff, defendant Bob Roberts asked the title agent whether the closing would be "under protest." The title insurance agent replied that she had not received any instructions to that effect. Defendants accepted the check, authorized by plaintiff and issued by the escrow agent, and surrendered the note and deed of trust.

Plaintiff later filed this action seeking to recover part of the money that he had paid to defendants. The trial court found that, in failing to assert at closing that his performance was "under protest," plaintiff had waived his right later to challenge the amount paid. Accordingly, it entered the judgment of dismissal at issue here.

I.

■ Plaintiff contends that the trial court erred in concluding that he had waived his right to bring an action to recover the amount he paid to the defendants to avoid foreclosure. We agree.

■ In order for the doctrine of waiver to apply, it must be shown that plaintiff intentionally relinquished a known right. *Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Associates*, 867 P.2d 70 (Colo.App.1993).

Here, the trial court determined that plaintiff had waived his right to challenge the amount paid because he had failed to comply with § 4–1–207(1), C.R.S. (1995 Cum.Supp.).

That statute provides, in relevant part:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest', or the like are sufficient.

This statute is codified as part of the general provisions of the Uniform Commercial Code, §§ 4–1–101 to 4–1–209, C.R.S. (1992 Repl. Vol. 2), and is applicable to all transactions

governed by the code. *See* §§ 4–2–101 to 4–11–102 (1992 Repl.Vol. 2).

■ While the Code does not generally apply to transactions involving real property, *see Haberl v. Bigelow*, 855 P.2d 1368 (Colo. 1993), it does apply to negotiable instruments transactions. *See* §§ 4–3–101 to 4–3–605, C.R.S. (1992 Repl.Vol. 2). Thus, § 4–1–207 applies to transactions involving checks in which a party to the transaction seeks to reserve the right to challenge some part of the underlying agreement after the check has been transferred. *See Horn Waterproofing v. Bushwick Iron*, 66 N.Y.2d 321, 497 N.Y.S.2d 310, 488 N.E.2d 56 (1985); *Frangiosa v. Kapoukranidis*, 160 Vt. 237, 627 A.2d 351 (1993); A. Rosenthal, *Discord and Dissatisfaction: Section 1–207 of the Uniform Commercial Code*, 78 Colum.L.Rev. 48 (1978).

■ Here, the underlying transaction was the discharge of a note and the deed of trust securing it. Because the payment was completed by check after an attempted reservation of rights, the code section was applicable.

In its findings, the trial court stated:

[T]he Court finds significance in the statute cited by the Defense from the Uniform Commercial Code [§ 4–1–207], which says without an explicit reservation someone who allows something to take place is presumed to be willing to have it take place, and waives any further right of protest, or whatever.

In essence, the trial court interpreted the statute in the conjunctive, holding that, although plaintiff had advised defendants five days earlier that his payment of the amount they sought was "under protest," he had failed to comply with its terms because he did not renew his protest at the closing. We disagree with this conclusion.

■ When the word "or" is in a statute, it is presumed to be used in the disjunctive sense, unless legislative intent is clearly to the contrary. *Armintrout v. People*, 864 P.2d 576 (Colo.1993); *see also*, § 2–4–101, C.R.S. (1980 Repl.Vol. 1B) (statutory language to be given its common sense meaning).

■ Section 4–1–207 authorizes protest at either of two separate times: before or during performance. It does not require that protest be made at any more than one of those times; instead, it uses the word "or" throughout. Where the facts are uncontested, waiver becomes a question of law, and we are not bound by the trial court's findings. *Vessels Oil & Gas Co. v. Coastal Refining & Marketing*, 764 P.2d 391 (Colo.App.1988).

Here, plaintiff, in his attorney's letter, had promised performance and had explicitly informed defendants that performance would be "under protest." Having complied with the plain language of the statute, plaintiff was not required to renew this protest at the closing.

And, at the closing, plaintiff gave no indication that he had modified his intent to pay defendants only "under protest."

In short, nothing in the trial record indicates that plaintiff intentionally relinquished his rights. To the contrary, the letter from plaintiff's attorney demonstrated a clear intent not to waive them, and his later actions were consistent with that intent. Thus, plaintiff did comply with § 4–1–207.

## II.

■ Additionally, the trial court, in essence, determined that the doctrine of estoppel applied to bar plaintiff's claim. It reasoned that, because he had failed to reserve his rights at the time of payment, and because the title insurance agent had informed defendants that the closing was not under protest, plaintiff's claim was barred. We disagree.

■ Estoppel requires that a person, by words, or conduct, or by silence when he or she has a duty to speak, induce another to change position detrimentally in reasonable reliance thereon. *Bolz v. Security Mutual Life Insurance Co.*, 721 P.2d 1216 (Colo.App. 1986).

As a matter of law, plaintiff was not required by § 4–1–207 to renew his protest at the closing. Thus, he had no duty to speak.

Consequently, any reliance defendants placed on plaintiff's silence was unreasonable.

■ And, the title insurance representative's answer to defendants' inquiry at closing does not alter this conclusion. The record contains no evidence that the title insurance representative acted as any more than an escrow agent for purposes of this transaction. Since her agency was limited only to the transfer of funds, any reliance on her statements about the nature of or basis for the transaction could not have been reasonable.

Accordingly, the judgment of dismissal is reversed. The cause is remanded for further proceedings on plaintiff's complaint.

PLANK and TAUBMAN, JJ., concur.