**CONTINENTAL WESTERN INSURANCE CO., Plaintiff–Appellant and Cross–Appellee,**

v.

**JIM'S HARDWOOD FLOOR COMPANY, INC., a Colorado corporation, and Progressive Casualty Insurance Company, Defendants–Appellees and Cross–Appellants,**

and

**Susan Aukema, Defendant–Appellee.**

No. 98CA1576.

Colorado Court of Appeals, Div. IV.

Feb. 3, 2000.

As Modified on Denial of Rehearing May 18, 2000.

Certiorari Denied Oct. 30, 2000.

826

Miller & Welch, L.L.C., Carol M. Welch, Denver, Colorado; Campbell, Latiolais & Ruebel, P.C., Jeffrey C. Ruebel, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Frank & Finger, P.C., Terrence P. Murray, Evergreen, Colorado, for Defendant–Appellee and Cross–Appellant Jim's Hardwood Floor Company, Inc.

Hall & Evans, L.L.C., Alan Epstein, Michael W. Jones, Denver, Colorado, for Defendant–Appellee and Cross–Appellant Progressive Casualty Insurance Company.

The Leventhal Law Firm, P.C., James M. Leventhal, Natalie Brown, Beth L. Krulewitch, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this declaratory judgment action to determine coverage for a motor vehicle accident under a business automobile policy, plaintiff, Continental Western Insurance Co. (Continental), appeals the trial court's judgment entered in favor of defendants, Jim's Hardwood Floor Company, Inc. (Jim's Hardwood), Susan Aukema, and Progressive Casualty Insurance Co. (Progressive). Jim's Hardwood and Progressive conditionally cross-appeal concerning the issue of late notice. We affirm.

In April 1994, Aukema was involved in a motor vehicle accident with a vehicle owned by Jim's Hardwood and driven by an employee of Jim's Hardwood. At the time of the accident, Jim's Hardwood was insured by business automobile policies issued by Continental and Progressive. To recover for her injuries, Aukema sued Jim's Hardwood and the employee, and the matter was set for a jury trial. Continental did not provide a defense.

On February 4, 1997, Continental filed this action alleging it had no duty to defend or indemnify or pay any judgment under its policy because Jim's Hardwood had breached the notice provisions of the policy, Jim's Hardwood had breached the notice provisions of the policy, because any coverage available was on an excess basis, and because the employee was not a permissive user.

According to the order on defendants' motions for summary judgment, on March 27, 1997, the jury returned a verdict in favor of Aukema against Jim's Hardwood for $770,000.

On April 3, 1997, Continental amended its complaint for declaratory judgment asserting for the first time that due to a clerical error, a mutual mistake had been made in issuing the business auto policy and that it was entitled to reformation. The trial court entered summary judgment in favor of defendants on the issues of late notice and permissive use, but denied summary judgment on the request for reformation. However, during the second day of trial on the reformation issue, the trial court terminated proceedings

and ruled that Continental was estopped from reforming its policy.

## I.

Plaintiff contends that the trial court erred in ruling that it was estopped from seeking reformation. We reject this contention.

■ Generally, the purpose of reformation of an insurance contract is to make the policy express the true intent of the parties. *Thompson v. Budget Rent–A–Car Systems, Inc.*, 940 P.2d 987 (Colo.App.1996). A court may not reform an insurance contract absent proof of a mutual mistake between the parties. *Simon v. Truck Insurance Exchange*, 757 P.2d 1123 (Colo.App.1988). An essential prerequisite to a court's power to reform a contract on the ground of mutual mistake is the existence of a prior agreement that represents the actual expectations of the parties and provides the basis upon which a court orders reformation. *Maryland Casualty Co. v. Buckeye Gas Products Co.*, 797 P.2d 11 (Colo.1990).

Here, the covered auto designation of the policy issued by Continental in 1992 contains a liability symbol of "1," meaning that the policy covered any auto owned or used in the business of Jim's Hardwood. While Continental sought to reform the policy on the basis that coverage should have been under a symbol "7," which would indicate that the policy covers only specifically described autos, it did not do so until after the jury had returned a verdict in the Aukema suit.

## A.

Continental first contends that only Jim's Hardwood has standing to raise affirmative defenses to its reformation claim. We are not persuaded.

■ Under Colorado's Uniform Declaratory Judgments Law, §§ 13–51–101 to 13–51–115, C.R.S.1999, persons with legally cognizable interests are entitled to seek a declaration of rights and obligations under a contract. An allegedly injured party in the underlying action may defend an anticipatory declaratory judgment as long as the action is properly initiated by a party with a legally cognizable claim. *Constitution Associates v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo.1996).

Here, Aukema argued in her motion for summary judgment that Continental was estopped from reforming the policy. Also, she is an allegedly injured party, and the declaratory judgment action was initiated by Continental naming Aukema and Progressive as defendants.

Further, Aukema has a legally cognizable interest in the subject of Continental's declaratory judgment action because her claim has been reduced to a judgment. *See Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985)(once liability was established against insured, plaintiffs became subrogated to rights of insured and were entitled to determination and enforcement of their rights under the contract); *cf. Farmers Insurance Exchange v. District Court*, 862 P.2d 944 (Colo.1993).

■ Similarly, as Jim's Hardwood's insurer in the underlying litigation, Progressive is subrogated to its rights. *See Porter v. Castle Rock Ford Lincoln Mercury, Inc.*, 895 P.2d 1146 (Colo.App.1995)(insurer paying insured's claim is subrogated to the insured's rights against the wrongdoer).

Continental, however, contends that because *Constitution Associates v. New Hampshire Insurance Co., supra,* involved a declaratory action, not an equitable claim for reformation, the applicability of that case is minimal. Essentially, it argues that an insurance policy is a contract between the insured and insurer and that Aukema is not sufficiently in privity to raise a defense. We disagree.

■ The issue here is not whether Continental is entitled to reformation; rather it is whether Continental may assert a claim of reformation after it has denied coverage and Aukema has proceeded to trial under the good faith belief that coverage was available under Continental's policy. Stated another way, the issue is not whether Aukema could herself initiate proceedings to reform the policy. The question is whether she may now defend against Continental's attempt to reform the policy so as to eliminate coverage.

Having been made a party to the declaratory judgment action, Aukema, an injured party with a legally cognizable claim, has standing to contend that Continental is estopped from asserting a claim for reformation at this late date. *See Constitution Associates v. New Hampshire Insurance Co., supra.*

■ Consequently, we conclude that Aukema and Progressive have standing to assert equitable defenses to Continental's claim for reformation of the insurance policy.

### B.

We also reject Continental's contention that a fact issue remains as to whether Aukema relied on the business automobile policy it issued to Jim's Hardwood.

■ Continental's assertion is based in part on its assumption that Aukema relied on a general liability policy it issued to Jim's Hardwood and that Aukema would have opted to go to trial even if she had recognized that there was no coverage under the business automobile policy. Preliminarily, we note that Continental has raised this contention regarding reliance on the general liability policy for the first time on appeal. Thus, we do not address it here. *See Diamond Back Services, Inc. v. Willowbrook Water & Sanitation District,* 961 P.2d 1134 (Colo.App.1997)(contentions not raised in trial court are not properly preserved for appellate review).

As to Aukema's reliance on the business automobile policy, the trial court in the present case did not resolve the issue of reformation on a summary judgment basis. Rather, it denied defendants' motions, received evidence on that issue, and made findings implicitly determining that Aukema had relied on the Continental policy.

Evidence was presented that before trial, Aukema had knowledge of the policy and that Continental had denied coverage. Further, at trial, when asked if it would have been determined that there was no additional coverage outside of the Progressive Policy she would have spent the money to go to trial, Aukema answered, "Absolutely not." On cross-examination, she also testified that her attorney believed that there was cover-

age under the automobile policy and not under the general liability policy.

Thus, no fact issue remains as to whether Aukema relied on the Continental business automobile policy. *See Federal Life Insurance Co. v. Wells,* 98 Colo. 455, 56 P.2d 936 (1936).

### C.

Continental asserts that Aukema (1) was aware of statements that Continental did not provide coverage and that the change from a "7" to a "1" should not have been made; (2) was aware that a non-waiver agreement was in existence; (3) was aware of existing case law; and (4) lacked knowledge of the policy. For these reasons, it contends that Aukema's reliance, if any, on the terms of the written policy was not reasonable. We disagree.

■ Estoppel requires that a person, by words, by conduct, or by silence when he or she has a duty to speak, induce another to change position detrimentally in reasonable reliance on his or her actions. *Margason v. Roberts,* 919 P.2d 818 (Colo.App.1995).

■■ The burden of establishing an estoppel falls on the party asserting it, and all elements of equitable estoppel must be shown. The party to be estopped must know the facts and must intend that its representation be acted on so that the other party is justified in relying upon the represented facts. Also, the party asserting estoppel must be ignorant of the actual facts and must reasonably have relied, to its own detriment, on the other party's conduct or misrepresentation. *Shell Western E & P, Inc. v. Board of County Commissioners,* 923 P.2d 251 (Colo.App.1995), *aff'd,* 948 P.2d 1002 (1997).

■ Whether the circumstances of a particular case reveal a representation and reasonable reliance so as to give rise to equitable estoppel is a question of fact. *Kohn v. City of Boulder,* 919 P.2d 822 (Colo.App. 1995).

■ Findings of fact must be accepted on review, unless they are so clearly erroneous as not to find support in the record. *M.D.C./*

*Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo. 1994).

■ Here, after receiving evidence at trial, the trial court noted that the issue of mutual mistake was not raised until judgment had been obtained by Aukema against Jim's Hardwood, after she had expended $60,000 to litigate that lawsuit with no knowledge of Continental's reformation claim. The trial court also noted that, although Continental did not provide a copy of the insurance policy it had issued to Jim's Hardwood as required by C.R.C.P. 26, the litigants in the Aukema suit had knowledge of the policy before they went to trial. It found, with record support, that Continental had ample notice and opportunity to make a claim for reformation as early as 1992 and well before the Aukema action. It also found Continental was estopped because it did not make this claim before all three parties had shifted their positions. Thus, implicit in the trial court's ruling is a determination that the elements of equitable estoppel had been established, including reasonable reliance by Aukema on the Continental policy in making her decision whether to go to trial.

■ Not only did Continental fail to raise the issue of reformation before the Aukema trial, but its policy expressly provides coverage to Jim's Hardwood. Although evidence was presented that Continental delayed disclosing its policy, information provided to Aukema through discovery indicated that the Continental policy did provide coverage.

Therefore, we conclude that there is evidence in the record that Aukema's reliance on the Continental policy was reasonable.

.

## II.

Continental's final contention is that the trial court erred in terminating the proceedings prior to hearing testimony on the issue of late notice of the lawsuit. We disagree.

■ Failure of an insured to comply with notice provisions of an insurance contract relieves the insurer from liability under the contract, unless there is a justifiable excuse for non-compliance. An insured's failure to forward a claim and suit papers based upon an insurer's representation that a policy does not provide coverage may constitute justifiable excuse. *Colard v. American Family Mutual Insurance Co., supra.*

■ Whether there is a justifiable excuse for failing to give timely notice is generally a question of fact, although it may be resolved as a matter of law if the facts are undisputed and only one inference can be drawn from them. *ITT Specialty Risk Services v. Avis Rent A Car Systems, Inc.,* 985 P.2d 43 (Colo. App.1998).

Here, the Continental policy, in relevant part, provides that in the event of an accident, claim, suit, or loss:

> You must give us or our authorized representative prompt notice of the "accident" or "loss."

> . . . .

> b. Additionally, you and any other involved "insured" must:

> . . .

> (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning claim or "suit".

In granting summary judgment, the trial court in the present case ruled that the agent through whom Jim's Hardwood obtained the Continental policy was Continental's authorized agent and that Jim's Hardwood was excused from forwarding the suit papers because of the agent's instructions that Jim's Hardwood was not to notify Continental personally of the accident or forward suit papers to Continental. It further held that, because the agent was Continental's authorized agent, it was not unreasonable for Jim's Hardwood to follow his instructions.

During his deposition, the agent testified that it was his judgment that the vehicle driven by the employee was not insured by Continental. In addition, the president and sole shareholder of Jim's Hardwood stated in an affidavit that the agent had informed him that no coverage existed under the Continental policy and had told him not to contact Continental directly regarding the accident

or any other claim. The president further stated that, after being served with a copy of the summons and complaint in the civil action filed by Aukema, he contacted the agent and had again been advised that no coverage for the accident existed under the Continental policy.

The court did not rule on Continental's motion for an extension of time to file a motion for reconsideration of its order finding timely notice of the lawsuit and that Jim's Hardwood was excused from giving notice, or, alternatively, for the court to vacate its order.

Continental concedes that the trial court did not explicitly modify the summary judgment on the issue of notice, and it does not contest that the agent for Jim's Hardwood was acting as its agent. Rather, it contends that there are genuine issues of material fact as to when it was first advised of the filing of the Aukema lawsuit, that it was prevented from developing evidence regarding this issue because of the court's order deferring depositions until the week before trial, and that the court's refusal to hear further testimony on the issue was an abuse of discretion. We are not persuaded.

■ While Continental made offers of proof concerning the agent's proposed testimony, it did not present this testimony to the trial court before it entered summary judgment and did not invoke the provisions of C.R.C.P. 56(f) for permitting further materials to be obtained in support of its motion. See Card v. Blakeslee, 937 P.2d 846 (Colo. App.1996). See also Dubois v. Myers, 684 P.2d 940 (Colo.App.1984)(C.R.C.P.56(f) affords a party an opportunity to obtain an extension of time in which to seek additional evidence by utilizing the discovery procedures provided by the rules before the trial court's ruling on a motion for summary judgment). Thus, the trial court properly declined to consider the proffered additional evidence, and we cannot consider this evidence on appeal in reviewing Continental's motion. See Ogunwo v. American National Insurance Co., 936 P.2d 606 (Colo.App.1997)(affidavits filed after the granting of a motion for summary judgment cannot be considered in determining a motion to reconsider); Graven v. Vail Associates, Inc., 909 P.2d 514 (Colo.1995).

■ Based on the material presented, the trial court properly concluded that notice was timely and that Jim's Hardwood was excused from forwarding suit papers. See Colard v. American Family Mutual Insurance Co., supra. Accordingly, we conclude that summary judgment on this issue was properly entered in favor of the defendants.

Further, because Continental did not seek to provide additional materials under C.R.C.P. 56(f), the trial court did not err in terminating the proceedings prior to hearing additional testimony on the issue of late notice of the lawsuit.

In view of our disposition, we do not address the contentions in the cross-appeals.

Accordingly, the judgment is affirmed.

Judge ROY and Judge VOGT concur.